

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:22-MJ-268 |
| MICHAEL BRIAN COLSON (01) <br> JOHN DAVID JOINER (02) <br> JEREMY LYNN MCDANIEL (03) | |

CRIMINAL COMPLAINT

Conspiracy to Possess with Intent to Distribute a Controlled Substance
(Violation of 21 U.S.C. § 846)

In and around March and April 2022, in the Fort Worth Division of the Northern District of Texas, and elsewhere, defendants **Michael Brian Colson, John David Joiner** and **Jeremy Lynn McDaniel** along with others known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree to engage in conduct in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), namely to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.
In violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)).

I, the undersigned Complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

I. INTRODUCTION

1. I have been a special agent of Homeland Security Investigations (HSI) for approximately 15 years. I received basic investigative instruction at the Federal Law Enforcement Training Center located in Glynco, Georgia, and additional continuing instruction regarding investigative techniques.

I am currently assigned to the HSI Dallas North Texas Public Safety Task Force- Fort Worth working with investigators from other federal law enforcement agencies as well as state, county, and municipal law enforcement officers.

2. I have participated as a law enforcement officer in several investigations of unlawful narcotics distribution involving wiretaps, physical and electronic surveillances, undercover transactions, the execution of search and arrest warrants, debriefings of informants, and review of taped conversations, written conversations and drug records. Through my training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored and distributed, and the methods of payments for such drugs. I am also familiar with some of the methods by which narcotics traffickers communicate and code words commonly used by narcotics traffickers.

3. This complaint does not contain all the information known to the investigation. This complaint merely contains sufficient facts to establish probable cause for the requested arrest warrants. The basis of the probable cause includes information personally known to the affiant as well as information gleaned from police reports and conversations with other law enforcement officers.

II. SUMMARY OF PROBABLE CAUSE THAT A VIOLATION OF 21 U.S.C. § 846 HAS OCCURRED

4. As part of the conspiracy, not every person named or identified in the conspiracy knew every other person identified as being in the conspiracy. It was their joining together for the common purpose of possessing and distributing methamphetamine,

the nature of the scheme to possess and distribute methamphetamine, and the overlapping among its members in possessing and distributing methamphetamine that established their membership in this particular conspiracy. And not every member of the conspiracy knew the details of each aspect of the conspiracy. Nevertheless, each member of the conspiracy knew or was aware of the conspiracy's general purpose and scope, which was to possess and distribute methamphetamine in the Northern District of Texas and elsewhere between and among the named conspirators and others not named.

5. As part of the conspiracy, its members had a fluid hierarchy that evolved over time. For example, as some members were arrested or otherwise temporarily unavailable, other members took over the receipt and delivery of methamphetamine.

6. Since approximately April 2022, law enforcement has been investigating allegations **MICHAEL BRIAN COLSON, JOHN DAVID JOINER,** and **JEREMY LYNN MCDANIEL,** along with others, named and not named, have conspired together to possess methamphetamine with the intent to distribute it in the Northern District of Texas and elsewhere.

7. As part of the conspiracy, **MICHAEL BRIAN COLSON, JOHN DAVID JOINER,** and **JEREMY LYNN MCDANIEL** and others agreed to possess methamphetamine with the intent to distribute it, and knowingly and willfully participated in that agreement.

8. As part of the conspiracy, the common purpose between and among **MICHAEL BRIAN COLSON, JOHN DAVID JOINER,** and **JEREMY LYNN MCDANIEL** along with others was to possess and distribute methamphetamine in the Northern District of Texas and elsewhere.

9. As part of the conspiracy, in general, **MICHAEL BRIAN COLSON, JOHN DAVID JOINER,** and **JEREMY LYNN MCDANIEL** and others distributed or brokered methamphetamine transactions between one another and others.

10. As part of the conspiracy, its members routinely received and delivered quantities of methamphetamine they then distributed to others in the Northern District of Texas and elsewhere.

11. As part of the conspiracy, some of the money derived from the sale and distribution of methamphetamine was used to purchase additional quantities of methamphetamine.

III. FACTS ESTABLISHING PROBABLE CAUSE THAT A VIOLATION OF 21 U.S.C. § 846 HAS OCCURRED

12. On April 5, 2022, at approximately 17:00 hours, Investigators including but not limited to the affiant and Stop The Offender Program Special Crimes Unit (STOP SCU), Investigator Massey received information on the whereabouts of **MICHAEL BRIAN COLSON** at XXXX Surry Place in Cleburne, Johnson County, Texas. Investigators knew **COLSON** had outstanding arrest warrants. **COLSON** was the passenger in a vehicle that left the Surry Place address a short time later.

Investigators followed the vehicle to a convenience store in Cleburne where they arrested **COLSON** based on the warrants. A contemporaneous probable cause search of **COLSON**'s vehicle resulted in the seizure of approximately 1300 grams of methamphetamine, a firearm, and additional evidence. The driver of the vehicle, **COLSON**'s girlfriend was also arrested on state charges. In a post-Miranda interview, **COLSON** said the methamphetamine in the vehicle belonged to him.

13. Investigators obtained Johnson County Search Warrant #413-4-5-2022K for XXXX Surry Place in Cleburne, Johnson County, Texas. This is the same address mentioned in paragraph 12 above. On April 6, 2022, investigators conducted surveillance at XXXX Surry Place and saw the resident **JEREMY MCDANIEL** leave the premises. A short time later, **MCDANIEL** was arrested during a traffic stop based on an outstanding warrant for manufacture/deliver of methamphetamine. Once **MCDANIEL** was in custody, investigators executed the search warrant at his residence. The search resulted in the seizure of approximately 2600 grams of methamphetamine, a firearm, and additional evidence. During a subsequent post-Miranda interview, **MCDANIEL** identified an address where he had received methamphetamine on the Friday prior to his arrest/interview, which was XXXX Kilpatrick, Fort Worth, Tarrant County, Texas.

14. On April 8, 2022, at approximately 09:40 hours, Investigator Massey listened to two recorded phone calls from **COLSON** while he was in the Johnson County Jail. The calls were made to phone number 817-202-5658 on April 7, 2022, at approximately 18:26 and 18:32 hours.

In the first call, **COLSON** spoke to a female on the phone. **COLSON** said "Real Quick, go to my house, get the key above the window in the garage port, go in my office, which is the littlest room in the house". At this point the phone call is disconnected.

15. As mentioned in the above paragraph, **COLSON** made a second call at approximately 18:32 hours. In the second call, **COLSON** spoke to the same female on the phone. In this call, **COLSON** verbally stated his name as "Brian Colson" at the state-your-name prompt. Also in the call, **COLSON** said "Tell Tyler to go get my safes out of my room, that has my savings in them and then as soon as he gets them give them to you. One of the safes is between the chairs, and the other is under my chair." **COLSON** described where a key was hidden for the residence. **COLSON** emphasized how important it was they get into the house as soon as possible and that it was a lot of money. **COLSON** then talked to his daughter on the phone. After talking to his daughter, **COLSON** again talked to a female he referred to as "Casey." During this call, **COLSON** re-emphasized how important it was to get the safes. **COLSON** told her to break into the house if necessary. **COLSON** also said "tell my brother Tyler to clean the house, and he will know what I mean, tell him to look in all the boxes in the room, clean it out." They said goodbye and disconnected the phone call. Based on his experience and given the totality of the circumstances, Investigator Massey believed this to be coded talk about removing methamphetamine from the residence so it would not be discovered by law enforcement.

16. Johnson County District Judge J. Neill issued a search warrant, #4-8-22 (JEN), for XXXX Kilpatrick, Fort Worth, Tarrant County, Texas. On April 8, 2022, the affiant, Investigator Massey, and other investigators executed the warrant. During the search, investigators seized approximately 669 grams of methamphetamine and approximately $7400 in United States currency.

17. After the search was completed, investigators continued to monitor the phone calls made by **COLSON**. Investigators listened to a call that took place on April 8, 2022, at 1208 hours where **COLSON** said "Have 'Kaos' tell Jodee to clean out storage unit 35, have about a week." Furthermore, STOP SCU Investigator Bartlett began to review phone calls and discovered the driver of the vehicle mentioned in paragraph 12 above placed a call to 817-526-0365 on April 7, 2022, at 1223 hours. During this call the driver spoke with 'Verna'. The driver instructed Verna to contact 'Tyler' and have him clean out her (the driver's) home. The driver also said 'Tyler' needs to take care of her (the driver's) storage unit as well.

18. On April 9, 2022, at approximately 14:08 hours, STOP SCU Investigator Massey reviewed a recorded phone call from the Johnson County jail on the same day at approximately 10:48 hours, where Inmate **COLSON** identifies himself as "Brian Colson" by stating his name on the recording. **COLSON** called the phone number 682-313-0875 and speaks to a person identified as "Jodee" who has a male voice. Investigator Massey used www.TLO.com to look up the phone number. According to the website, the phone number belonged to **JOHN DAVID JOINER**. Investigator Massey performed a Texas driver license search on a female believed to be **JOINER**'s spouse.

The female's driver license record listed an emergency contact of **JOHN DAVID JOINER** with telephone number 682-313-0865. **JOINER**'s Texas driver license records indicated his current address as XXX Keller Ave. Benbrook, Tarrant County, Texas.

19. Investigator Massey saved a copy of the recording described in paragraph 18 above. In the conversation, **COLSON** made reference to getting his safes out of his house. 'Jodee' said he had already been to **COLSON**'s house and that he took a few things. **COLSON** then asked about the "furniture" over at the storage building. 'Jodee' said he had also gone to the storage unit and picked up the items stored there. Later in the conversation, **COLSON** referred to the items in the storage unit as "Ottomen" (making reference to the piece of furniture you prop your feet on). **COLSON** said they were antiques. There should have been 40 to 50 of them. He believed they are worth $2500 each.

20. Investigator Massey believed the language used during the phone conversation described in paragraph 19 was coded talk about drugs. **COLSON** and several of the people he talked to on the jail phone system have made comments to the effect they should not say specifics because law enforcement listens to jail calls. Some of the methamphetamine seized from **COLSON**'s vehicle and **MCDANIEL**'s residence, as described in paragraphs 12 and 13 respectively, was distinctively packaged in silver wrappers similar to the size and shape of Velveeta brand one-pound blocks of cheese. Each of these packages of methamphetamine weighed approximately 600 to 700 grams including packaging. The weight of these boxes is consistent with a price of $2500 each for the quantity on the wholesale level of distribution of methamphetamine.

Based on the coded talk described in paragraph 19 above, investigators believed **COLSON** had 40 to 50 of these boxes in the storage unit and "Jodee" went there and picked them up before law enforcement could determine their location.

21. After listening to the recorded phone call between **COLSON** and "Jodee" and hearing "Jodee" say he had cleaned out the storage unit, Investigator Massey believed it was possible "Jodee" had moved methamphetamine from the storage unit to his residence on Keller Avenue in Benbrook, Texas.

22. On April 9, 2022, at approximately 17:00 hours, Investigator Massey began surveillance at XXX Keller Avenue, in the City of Benbrook, Tarrant County, Texas. Investigator Massey drove past the residence and observed several vehicles parked in the driveway and in the street along with at least three individuals trying to unlock the driver door on a silver passenger car parked in the street across from the residence. During surveillance, several vehicles were observed arriving at the residence. STOP SCU Commander Sparks arrived on scene to assist with surveillance. A short time passed and at approximately 17:51 hours, a white in color Chevy pickup arrived in front of the house and parked facing the wrong direction on the street. Investigators ran the license plate through Johnson County dispatch and learned the pickup truck had been reported stolen out of Haltom City earlier the same day.

23. During surveillance, investigators did not see anyone exit the stolen vehicle described in paragraph 22 above. At approximately 17:53 hours, investigators observed a female come out of the residence and open the passenger side of the pickup. The female was wearing a dark colored tank top and blue jean shorts and had dark hair.

The female stood in the passenger doorway for several minutes and at 17:58 she went back into the residence at XXX Keller Ave. In the meantime, another passenger car came and went from the residence. At approximately 18:08 hours, the female came back out of the residence and got into the passenger side of the stolen pickup. Commander Sparks and Investigator Massey followed the stolen pickup when it left XXX Keller Ave. Fort Worth Police Officers in marked units attempted to stop the stolen pickup near the intersection of I-35 and Seminary Drive in Fort Worth, but the driver evaded in the vehicle. The stolen vehicle fled for approximately 5.5 miles before stopping in the 2100 block of E. Richmond Avenue in Fort Worth. Fort Worth officers arrested both the male driver and female passenger. A Fort Worth officer discovered approximately 31 grams of methamphetamine concealed in the female's underwear. The methamphetamine field-tested positive. Commander Sparks and Investigator Massey maintained direct visual surveillance of the pickup truck from the time it left the XXX Keller Avenue until the pursuit began. The female did not exit the vehicle from the time it left the residence until the pursuit ended.

24. The female described in paragraph 23 above gave verbal voluntary consent to search her cell phone. Investigators observed a contact labeled "Jodee" with phone number 682-313-0875.

25. Investigator Massey continued surveillance at XXX Keller Avenue and saw additional vehicles arrive at the residence and leave a short time later, consistent with drug distribution.

26. On April 10, 2022, Commander Sparks made contact with Benbrook Police Officer Van Ness who is a Task Force Officer assigned to the DEA. TFO Van Ness told Commander Sparks he (Van Ness) had been investigating **JOHN DAVID JOINER** at XXX Keller Ave. for approximately the past 6 months. Van Ness also said officers had conducted traffic stops of vehicles leaving the residence that resulted in methamphetamine seizures. Additionally, during this time period, TFO Van Ness picked up trash from the residence and found a gallon size plastic baggy containing approximately 0.25 gram of methamphetamine.

27. On April 11, 2022, Johnson County District Judge Bosworth issued a search warrant, #413-4-11-2022A, for XXX Keller, Benbrook, Texas. On the same day, the affiant, other investigators from HSI, investigators from STOP SCU, investigators from DEA, officers from the Benbrook and Fort Worth police departments executed the warrant at XXX Keller. The search resulted in the seizure of approximately 22,000 grams of methamphetamine, three firearms, and additional evidence.

28. On April 11, 2022, Investigator Massey reviewed Johnson County Jail records and learned **JOHN JOINER**, with a phone number of 682-313-0875, deposited money on **COLSON**'s Johnson County Jail commissary account.

29. Based on the foregoing, the complainant believes that probable cause exists that **MICHAEL BRIAN COLSON, JOHN DAVID JOINER,** and **JEREMY LYNN MCDANIEL** along with others both known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree to engage in conduct in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), namely to distribute and to possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846.

Mike McCurdy
Special Agent
Homeland Security Investigations

SWORN AND SUBSCRIBED before me, at 1:27 p.m. on this 12th day of April 2022, in Fort Worth, Texas.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE